UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DONELL JACKSON,  )
   Plaintiff,  )
 )
v.  )  13-CV-3228
 )
TARRY WILLIAMS, et al.,  )
   Defendants.  )

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

    Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, seeks leave to proceed in forma pauperis.

    The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

## ANALYSIS

Plaintiff alleges that Defendants failed to respond to Plaintiff's need for emergency mental health treatment.  According to Plaintiff, his psychotropic medication had been discontinued, causing him to experience hallucinations and psychotic and paranoid episodes.  These episodes caused Plaintiff to attack his roommate and eventually try to kill himself by cutting himself over 20 times with the shards of a broken light bulb.

In a separate case filed by Plaintiff simultaneously with this one, <u>Jackson v. Koko</u>, 13-3229, Plaintiff alleges that his mental health breakdown was caused by Dr. Koko's refusal to continue Plaintiff's psychotropic medicine which had been effective in treating Plaintiff's hallucinations.

A claim for deliberate indifference to Plaintiff's serious mental health needs is stated on these allegations.  Accordingly, this case will proceed per the standard procedures.  The case against Dr. Koko will be consolidated into this one because both cases arise from the same or related occurrences.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to his serious mental health needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Dr. Koko is added as a Defendant. The case against Dr. Koko will be consolidated into this case. The complaints in both cases will be redocketed as one amended complaint.

3) **If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense

counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    8)    This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 4, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

    9)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    10)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) add Dr. Koko as a Defendant; 2) docket the complaint in this case and the complaint in 13-3229 together as an Amended Complaint in this case; and, 3) attempt service on Defendants pursuant to the standard procedures.**

ENTERED:  8/12/2013
FOR THE COURT:

          s/Sue E. Myerscough
          SUE E. MYERSCOUGH
        UNITED STATES DISTRICT JUDGE